IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DEPARTMENT OF LABOR & INDUSTRIES, | ) ) ) | No. 80090-6-I |
| | ) | DIVISION ONE |
| Appellant, | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ELLEN WRIGHT, | ) | |
| | ) | |
| Respondent. | ) | FILED: February 18, 2020 |
| | ) | |

ANDRUS, J. — The Department of Labor and Industries (Department) appeals a superior court ruling that employer Holly Ridge Center, Inc. is entitled to wage reimbursement under RCW 51.32.090's Stay-at-Work Program after obtaining retroactive medical approval of the description of the light duty job it offered to its injured employee, Ellen Wright.

This court addressed the identical issue in Department of Labor and Industries v. Briseno, No. 79395-1-I (Wash. Ct. App. Feb. 18, 2020). There, we determined that the statute is ambiguous and looked to the legislative history of the Stay-at-Work Program to discern the legislature's intent. We concluded that in light of the legislature's stated goals, RCW 51.32.090 does not render an employer ineligible for wage reimbursement if it obtains retroactive approval of a specific light duty job description, as long as the injured employee has been medically released to perform light duty work before he or she begins that work.

Here, Wright's medical providers released her to perform light duty work, if available, with restrictions. Wright began working a light duty job consistent with these restrictions shortly thereafter. Because it is undisputed that Holly Ridge Center obtained retroactive medical approval of a written specific job description of the light duty work Wright had been offered and had been performing and because Wright had been medically released to perform light duty work before she began the work, we affirm the trial court's order directing the Department to reimburse Holly Ridge Center.

Affirmed.

WE CONCUR:

_Andrus, J._

_Leach, J._